UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Joseph Kadiri,                                          Case No. 5:14-cv-308-OC-17PRL

                         Petitioner,

v.                                                      **MEMORANDUM AND ORDER**

Warden, FCC Coleman – Medium,

                         Respondent.

_____

    This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.   For the following reasons, the Petition is dismissed with prejudice.

**BACKGROUND**

    In September 2006, Petitioner Joseph Kadiri pled guilty to seven counts of a nine-count indictment, charging him with possession with intent to distribute marijuana and MDMA (ecstasy), being a felon in possession of a firearm, and possession of counterfeit currency.   United States v. Kadiri, Crim. No. 06-80127 (S.D. Fla.).

    The trial court sentenced Kadiri to 151 months' imprisonment.   Although he appealed his sentence, Kadiri voluntarily dismissed the appeal before the Eleventh Circuit rendered a decision.   In 2011, Kadiri filed a motion to vacate his sentence under 28 U.S.C. § 2255, contending that the trial court incorrectly applied the career-offender enhancement under U.S.S.G. § 4B1.1 to him.   Id. at Docket No. 47.   The trial court dismissed the motion.   Id. at Docket No. 61; see also Kadiri v. United States, Civ. No. 11-

80330 (S.D. Fla.) at Docket No. 16 (Report and Recommendation recommending dismissal of § 2255 motion).

Kadiri filed the instant Petition in 2014, nearly 12 years after his conviction became final.  He contends that recent Supreme Court decisions mean that he is actually innocent of being a career offender, and thus that the sentence he received was illegal.  Specifically, Kadiri claims the trial court improperly used state crimes for which Kadiri was arrested but never convicted as career-offender predicate offenses.  He asserts that he pled guilty in state court to lesser offenses that are not career-offender predicates.

**DISCUSSION**

A federal prisoner has two options when pursuing postconviction relief.  First, the prisoner may challenge the validity of his conviction or sentence by bringing a motion to vacate the sentencing judgment under 28 U.S.C. § 2255.  Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).  Second, the prisoner may challenge the execution of a sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).  Typically, the exclusive remedy for a collateral attack on the validity of a conviction or sentence is a § 2255 motion, and a prisoner cannot evade § 2255's procedural restrictions by raising that type of claim in a § 2241 petition.  Id. at 1351.

Kadiri recognizes that he is precluded from raising his claims in a § 2255 motion, and that this Court may exercise jurisdiction over the Petition only if § 2255's savings clause applies.  The savings clause provides that a court may entertain a federal prisoner's § 2241 habeas petition challenging his conviction or sentence only if the

2

"remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention."  Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)).  To show inadequacy or ineffectiveness: (1) "the claim must be based upon a retroactively applicable Supreme Court decision," and (2) "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion."  Id. at 1343.

Kadiri's claim is not based on a retroactively applicable Supreme Court decision issued after his first § 2255 motion.  Two of the decisions he cites in support of his arguments, Johnson v. United States, 559 U.S. 133 (2010), and Begay v. United States, 553 U.S. 137 (2008), issued before Kadiri's first § 2255 motion.  Indeed, Kadiri relied heavily on the Johnson decision in that motion.  And the other Supreme Court decision on which Kadiri relies, Descamps v. United States, 133 S. Ct. 2276 (2013), while decided after his first § 2255 motion, is not retroactively applicable to cases on collateral review. In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016).  Thus, Kadiri cannot rely on § 2255's savings clause to save his § 2241 Petition.

But even if Kadiri's claim did raise a retroactively applicable Supreme Court decision that he could not have raised in his initial postconviction proceedings, this Court cannot grant him any relief because the sentence he received was below the statutory maximum sentence for his crimes.  Both possession with intent to distribute MDMA and possession of counterfeit currency are punishable by up to 20 years' imprisonment.  See 21 U.S.C. § 841(b)(1)(C) (providing for punishment of "not more than 20 years" for

possession with intent to distribute a Schedule I drug such as MDMA); 18 U.S.C. § 472 (providing for punishment of imprisonment for "not more than 20 years" for possession of counterfeit currency).  "[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim . . . that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011).  In other words, Kadiri cannot use § 2255's savings clause to challenge a sentence that is below the statutory maximum for his crimes.  Kadiri received a sentence of 151 months; the statutory maximum sentence was 240 months.  His § 2241 Petition must be dismissed on this basis alone.

Finally, even if Kadiri could avail himself of the savings clause, his claim has no merit.  He contends that the trial court impermissibly applied the career-offender enhancement to him.  But Kadiri's total offense level without the application of the career-offender enhancement was 32.  (See PSR (Docket No. 5) at 11.)  Under U.S.S.G. § 4B1.1(a), a career offender convicted of committing a crime punishable by up to 20 years' imprisonment is considered to be an offense level 32.  (Id.)  Moreover, Kadiri's extensive criminal history meant that he fell within criminal history category VI, which is the same category he received under the career-offender guideline.  (Id. at 17.)  The career-offender enhancement had no effect on Kadiri's offense level, criminal history category, or the applicable guidelines sentencing range.  His Petition thus fails on the merits.

**CONCLUSION**

The Court lacks jurisdiction to entertain Kadiri's Petition, and the Petition fails on the merits in any event. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED with prejudice**; and

2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:  November 1, 2016                     *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge